UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL L. FULENWIDER, <br><br> Plaintiff, <br><br> v. <br><br> RADIUS GLOBAL SOLUTIONS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:19-cv-02556 <br><br> JURY DEMAND |

**COMPLAINT FOR RELIEF**

NOW comes MICHAEL L. FULENWIDER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and the TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4.  Plaintiff is a 64 year-old natural person residing in Spring, Texas which lies within the Southern District of Texas.

5.  Defendant "is a leading provider of account recovery and debt collection, customer relationship management and healthcare revenue cycle management solutions."[1]

6.  Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Texas.

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  Throughout 2019 Plaintiff has been receiving unwanted collection calls to his cellular phone, (469) XXX-9582, from Defendant.

9.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular phone.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.radiusgs.com/about-us/

10. Defendant has called Plaintiff from a variety of phone numbers, including (469) 661-3180, (469) 661-3384, (469) 421-8211, and (469) 776-0359. Defendant has used a bevy of other phone numbers as well.

11. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Upon Plaintiff answering calls from Defendant he experiences a brief pause, lasting approximately three to five seconds in length, before a live representative begins to speak

13. When Defendant calls Plaintiff it initially asks to speak with Willie J. Green ("Green"), an individual whom Plaintiff does not know nor have any relationship with.

14. Plaintiff has never had any relationship with Defendant nor provided his cellular phone number to it or Green.

15. Defendant has made clear to Plaintiff that it is calling seeking collection of an outstanding medical debt ("subject consumer debt") that Green incurred.

16. The subject consumer debt was turned over to Defendant for collection after Green purportedly defaulted on his obligation.

17. On numerous occasions, Plaintiff has advised Defendant that he did not know Green and that it was calling the wrong number.

18. Defendant has acknowledged Plaintiff's advisement and represented that it would take his cellular phone number out of its system.

19. Despite Defendant's assurances it has continued to call Plaintiff's cellular phone seeking payment of the subject consumer debt.

20. Defendant has systematically called Plaintiff from a variety of phone numbers with the intent of coercing Plaintiff into answering its calls.

21. Plaintiff has received not less than 20 phone calls from Defendant.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has expended financial assets as a result of Defendant's conduct.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of the FDCPA §§1692c(a)(1), c(b), and d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§1692c(a)(1), c(b), d, and d(5) when it repeatedly called Plaintiff regarding an obligation he did not owe or have any association with and after being notified to stop. Defendant called Plaintiff at least 20 times. Plaintiff does not know or have any association with Green, something he made Defendant aware of. Yet Defendant continued to call Plaintiff's cellular phone in pursuit of payment on the subject consumer debt.

33. This repeated behavior of systematically calling Plaintiff's cellular phone was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's prompts with the goal of harassing him into submission. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    b. **Violations of the FDCPA, §1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §§1692e and e(10) when it used false and deceptive means to collect or attempt to collect the subject consumer debt. Defendant purposefully and systematically

5

"spoofed" the phone numbers that it placed calls from to Plaintiff's cellular phone. By changing phone numbers, Defendant hoped that Plaintiff would not recognize that it was calling so he would answer.

    c. **Violations of the FDCPA, §1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by repeatedly and misleadingly calling Plaintiff over 20 times through use of an automated system. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 21 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff MICHAEL L. FULENWIDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff regarding the subject consumer debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The brief pause, lasting approximately three to five seconds in length, that Plaintiff experiences before being connected with one of Defendant's live representatives is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff had no relationship to Defendant or Green and thus never provided either with his cellular phone number.

44. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45. Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C). Defendant received prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

WHEREFORE, Plaintiff MICHAEL L. FULENWIDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

48. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

49. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

50. The TDCA, pursuant to Tex. Fin. Code Ann. §392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone in a deceptive manner at least 20 times, many of which came after he told it to stop. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. Further, the nature and volume of phone calls placed by Defendant, especially after being told to stop, would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff MICHAEL L. FULENWIDER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. §392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. §392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. §392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 16, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Southern District of Texas              Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com